# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

November 9, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| SI J. WILLIAMS, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | Davidson Circuit |
| | ) | No. 95-D-3793 |
| VS. | ) | |
| | ) | Appeal No. |
| MARY C. WILLIAMS, | ) | 01A01-9709-CV-00522 |
| | ) | |
| Defendant/Appellant. | ) | |

## CONCURRING OPINION

I concur with the results of this opinion. However, I am filing this separate opinion to clarify my understanding of the significance of the portion of the decision dealing with the need of the parties' daughter for continuing support past her eighteenth birthday.

Mr. Williams's cruel treatment of his daughter has left deep emotional scars. The evidence introduced at trial, including the evidence of repeated hospitalizations and continuing outpatient treatment, leaves little room for doubt that the girl's problems are real and genuine. However, the trial court apparently declined to require Mr. Williams to support his daughter after her eighteenth birthday because it gave little weight to the opinion offered by the psychological counselor who had been treating the girl for four years.

The counselor's opinion about the girl's current socialization and her continuing need for therapy is extremely equivocal, and for that reason, I agree that Ms. Williams did not carry her burden of proving that Mr. Williams should be required to continue to support his daughter. However, the trial court's explanation of its decision could also be interpreted to mean that the girl's condition is not the sort of condition that warrants further therapy and that the girl's counselor is not qualified

to render an opinion on the issue because he is a psychologist with a master's degree rather than an psychiatrist with a medical degree. Our opinion should not be construed as agreeing with either of these interpretations. Based on the facts in the record, the treating psychologist was qualified under Tenn. R. Evid. 702 to render an opinion concerning his patient's condition and should have been permitted under Tenn. R. Evid. 703 to use her medical records as a basis for his opinion.

_____

WILLIAM C. KOCH, JR., JUDGE